FILED
CLERK
**10/30/2026**
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
OLADUNNI LIYELE,

*Plaintiff*,

-against-

ALDAD MEDICAL NJ, PC
d/b/a MINDFUL CARE, and
CLARICE THOMPSON,

*Defendants*.
----------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

2:25-cv-05619-NJC-JMW

**APPEARANCES:**

Jazly Liriano
**Rissmiller PLLC**
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
*Attorney for Plaintiff*

-and-

Adam G. Guttell
Libbi L. Vilher
**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville, NY 11747
*Attorneys for Defendants*

**WICKS**, Magistrate Judge:

Does a single phone call from a Defendant's personal cell phone suffice to justify a Plaintiff's suspicion that the phone may contain messages relevant to Plaintiff's work-related claims entitling Plaintiff to discover text messages from Defendant's personal cell phone? It is on this premise that Plaintiff asks the Court to order Defendant Clarice Thompson to undertake a search of her personal cell phone for all work-related messages concerning Plaintiff. Alternatively, Plaintiff asks the Court to instead order Thompson and other non-party employees

of Defendant Mindful Care to submit sworn statements on whether they used personal devices for work-related purposes. Because more than the mere suspicion presented here is needed for discovery of one's cell phone, namely that Thompson and others used their personal devices for work-related purposes and will therefore likely contain relevant messages, the Court denies the motion, with leave to renew.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a Psychiatric Nurse Practitioner, brought this action for pregnancy and disability discrimination, failure to accommodate, retaliation, and breach of contract against Mindful Care and Clarice Thompson, Mindful Care's Senior Director of People. (ECF No. 31 at 1.) Plaintiff asserts nine causes of action against Mindful Care, and four causes of action against Thompson. (*See generally* ECF No. 1.) Specifically, Plaintiff alleges that Thompson discriminated against her, retaliated against her, and aided and abetted Mindful Care's unlawful activity against her, violating the New York State Human Rights Law ("NYSHRL"). (ECF No. 1 ¶¶ 85–102.)

In April 2026, the parties agreed to a Confidentiality Stipulation and Order. (ECF No. 22.) They also agreed to a Stipulation and Order of Non-Waiver of Attorney-Client Privilege and Work Product Protection. (ECF No. 24.) The Court held a settlement conference in June, which was unsuccessful. (Electronic Order dated June 11, 2026.)

Before the Court is Plaintiff's Motion to Compel to, *inter alia*, direct Thompson "to search her mobile phone for text and other mobile messages concerning Plaintiff and to produce responsive, nonprivileged messages." (ECF No. 31 at 1.) The Motion stems from Defendants' objections to Plaintiff's First Request for Production No. 31, Interrogatory No. 1 to Thompson, and Interrogatory No. 2 to Thompson. (*Id.* at 1–2.)

Plaintiff's First Request for Production No. 31 sought: "All documents and communications between Clarice Thompson and any other member of Mindful Care leadership regarding Plaintiff." Defendants objected:

> Defendants object to this Request because the Request is vague as "any other member" and "leadership" are undefined terms subject to varying interpretations. Defendants object to this Request on the ground that it is vague and ambiguous, as it fails to identify which specific communications or documents are sought. As such, this Request necessarily demands documents are unrelated to any claim or defense in this case. Defendants object to this Request because it is not properly limited in time because it, as written, seeks documents and communications after Plaintiff's filing of this Complaint. As such, Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine, or constitutes material prepared in advance of litigation. If Plaintiff seek specific documents Plaintiffs should request them instead of forcing Defendants to speculate. Defendants object to this Request pursuant to the ESI Objection. While Defendants are continuing their search for responsive documents, they are not presently knowingly withholding relevant documents.

(ECF No. 31-1 at 36.)

Plaintiff's Interrogatory No. 1 to Thompson asked her to "Identify all email addresses (personal and professional) and electronic devices (computers, mobile phones) that you have used to send or receive communications from at any time within the past five (5) years." (ECF No. 31-2 at 5.) Thompson objected:

> Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory is not limited to communications relevant to Plaintiff, Mindful Care, or the issues in this action, and improperly seeks information regarding personal email accounts and devices unrelated to the claims or defenses herein. Defendant further objects to this Interrogatory because the Interrogatory is vague in that it is not clear how Plaintiff wishes Defendant to "identify" her computer and mobile device (i.e., by color, serial number, brand?).

(*Id.*)

Still, Thompson responded, though in more limited form: "I used the following professional email account to perform my work obligations as they relate to Mindful Care: cthompson@mindful.care; people@mindful.care." (*Id.*)

Plaintiff's Interrogatory No. 2 to Thompson asked her to "Identify all electronic devices, accounts, and physical locations you searched in connection with responding to Plaintiff's discovery requests in this matter (e.g., personal cell phone, personal email accounts, work computer, etc.)." (ECF No. 31-2 at 6.) Thompson again objected:

> Defendant objects to this Interrogatory on the grounds that it seeks information protected by the attorney–client privilege and work product doctrine, including counsel's mental impressions, litigation strategy, and discovery methodology, in violation of Rule 26(b)(3). *See Franck v. N.Y. Health Care Inc.*, No. 21-CV-4955 (GHW) (JLC), 2022 U.S. Dist. LEXIS 27484, at *5-6 (S.D.N.Y. Feb. 16, 2022) ("When documents are produced in discovery, whether they be produced electronically or otherwise, the Court does not believe that, in the first instance, the receiving party has a right to examine and evaluate the way the production was made or require collaboration in the review protocol and validation process. It is only if a party can articulate a good faith basis to do so by identifying some deficiency in the production, that an inquiry into the producing party's methodology would be appropriate.") (internal quotations and citations omitted).

(*Id.*)

Plaintiff now asks the Court (1) to order Thompson to search her personal cell phone under the supervision of defense counsel for responsive, nonprivileged messages, and produce those messages; (2) to order Thompson to serve amended responses to Interrogatory Nos. 1 and 2 identifying the devices and accounts she used and searched; and (3) order defense counsel to obtain and file declarations from Thompson, Dr. Aldad, Dr. Michael DeStefano, and Erika Jordan, stating whether they used personal devices for business purposes and, if so, whether those devices contain any communications responsive to Plaintiff's discovery requests. (ECF No. 31 at 3–4.)

## LEGAL FRAMEWORK

"Motions to compel are left to the court's sound discretion." *Bartlett v. DeJoy*, 2023 WL 3306963, at *1 (E.D.N.Y. May 7, 2023). "[A] party is entitled to discovery on 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case.'" Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Under the amended rules, '[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'" *Goss v. E.S.I. Cases & Accessories, Inc.*, No. 18-CV-2159 (GBD)(JLC), 2019 WL 3416856, at *2 (S.D.N.Y. July 30, 2019) (quoting *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016)).

Rule 26(b)(1), however, "does not allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Barbara v. MarineMax, Inc.*, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013). So, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Id.*

## DISCUSSION

Both parties proceed under the framework for compelling an employer to search an employee's personal cell phone for relevant discovery. *See Muslims on Long Island, Inc. v. Town of Oyster Bay*, 2025 WL 1582250, at *9 (E.D.N.Y. June 4, 2025) (collecting cases). Under that framework, a party that sufficiently demonstrates the "control" necessary for producing responsive ESI from a personal device must then provide "'some justification for its suspicion that relevant messages may be contained' on the employees' personal devices." *Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *4 (S.D.N.Y. Dec. 21, 2022) (quoting *Precision Med. Grp., LLC v. Blue Matter, LLC*, 2020 WL 7352509, at *3 (S.D.N.Y. Dec. 15, 2020)); *cf. Liederbach v. NYU Langone Hosps.*, 2025 WL 1952440, at *2 (S.D.N.Y. July 16, 2025) (examinations of cell

phones of non-parties generally considered "drastic measure because of their intrusive nature") (collecting cases).

On that basis, the parties dispute whether a single September 25, 2024 phone call from Thompson to Plaintiff suffices to show that Thompson's personal phone may contain messages relevant to Plaintiff's claims. On September 25, 2024, Thompson emailed Joseph Van Valen, non-party CoAdvantage's Leave of Absence Manager, that she "called [Plaintiff] on 9/25/24 at 3:45PM to discuss the nature of the STD claim that she intends to file." (ECF No. 31-5 at 2.) To Plaintiff, because "Mindful Care does not issue work phones, that call was placed from her personal phone." (ECF No. 31 at 2.) Defendants respond that "Mindful Care provides employees Zoom-based (VoIP) work lines through which the instant call was placed." (ECF No. 32 at 3.)

Thompson's personal cell phone is clearly within her "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). But Plaintiff fails to justify her suspicion that Thompson's personal cell phone may contain relevant messages. A single email explaining that Thompson called Plaintiff, which Defendants explain was from a Zoom-based work line, is insufficient at this time to justify Plaintiff's suspicion that Thompson has otherwise used her personal cell phone and personal accounts for work-related purposes and will therefore contain relevant messages about Plaintiff's claims. *See Precision Med. Grp.,* 2020 WL 7352509, at *3. Even crediting the single phone call, Plaintiff fails to identify any messages from Thompson's personal accounts or phone number to indicate that her personal devices may contain relevant messages about Plaintiff. *Cf. Pergola*, 2022 WL 17832506, at *4 (finding suspicion justified where the defendant "already produced 'highly relevant communications between [Defendant] employees,' presumably from the employees' personal devices.").

But the Court denies Plaintiff's Motion to Compel without prejudice and with leave to renew should any evidence later reveal that Thompson's personal cell phone and personal accounts may contain responsive messages about Plaintiff. *See Muslims on Long Island, Inc.*, 2025 WL 1582250, at *5; Electronic Order dated July 12, 2023, *Hasper v. County of Nassau*, No. 2:20-cv-02349-RER-LGD (denying a motion to compel without prejudice because the plaintiff "fail[ed] to make an individualized showing that any of the individual defendants' personal emails accounts are properly discoverable"). The Court likewise denies Plaintiff's request to direct Thompson to serve amended responses to Interrogatory Nos. 1 and 2.

The Court also declines to direct Thompson to submit a sworn statement. Courts have, in some instances, directed a party's counsel to obtain independent declarations from non-parties, "setting forth whether, if at all, their personal devices were used for business purposes and, if so, detail what those messages or communications pertained to, and file those declarations on ECF." *Muslims on Long Island, Inc.*, 2025 WL 1582250, at *5. But to the extent that Plaintiff seeks to determine whether Thompson's personal cell phone and personal accounts contain responsive messages about Plaintiff, it is more appropriate, at this time, to ask those questions at a deposition. For the same reasons, the Court finds Plaintiff's request to direct Dr. Tamir Aldad, Dr. Michael DeStefano, and Erika Jordan to submit similar declarations premature.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to compel (ECF No. 31) is **DENIED** without prejudice and with leave to renew should any evidence later reveal that Thompson's personal cell phone and personal accounts may contain responsive work-related messages about Plaintiff.

Dated: Central Islip, New York
October 30, 2026

**S O O R D E R E D:**

/S/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge